IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| PAM JOI BROOKS-SNOWDEN, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 7:17-cv-00089-O-BP |
| § | |
| HIGHLAND OAK APARTMENTS § and FOREST GLEN APARTMENTS, § § | |
| Defendants. § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Complaint (ECF No. 1), filed June 26 2017; Plaintiff's Answers to the Court's Questionnaire (ECF No. 12), filed July 13, 2017; Plaintiff's untitled document (ECF No. 16), filed July 21, 2017; and Plaintiff's Answers to the Court's Third Questionnaire (ECF No. 19), filed August 2, 2017. After considering the pleadings and applicable law, the undersigned RECOMMENDS that United States District Judge Reed O'Connor DISMISS without prejudice Plaintiff's Complaint (ECF No. 1) and all of Plaintiff's claims for lack of subject-matter jurisdiction.

**I.    BACKGROUND**

Plaintiff Pam Joi Brooks-Snowden ("Plaintiff") filed a Complaint on June 26, 2017, stating a variety of inquiry numbers and correspondence related to various government agencies, a police department, and an apartment complex. ECF No. 1. Plaintiff's Complaint contained no facts but asserted "federal law violations: disability discrimination, HIPAA, unauthorized entries, non-compliance of federal laws, slander, pain and suffer, cost of transportation to federal court, and

emotional distress." *Id.* After granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, the undersigned issued the District Court's Questionnaire to Plaintiff. ECF Nos. 7, 8. In response, Plaintiff filed Plaintiff's Answers to the Court's Questionnaire (ECF No. 12). Plaintiff's Answers consist of a litany of citations to case law and various statutory sections and are devoid of any facts in support of any violations of federal law, despite the Court directing Plaintiff to "state all <u>facts</u>" known to Plaintiff to establish that the named Defendants engaged in unlawful acts in violation of federal law and "state all claims" Plaintiff intended to pursue against the named Defendants. ECF No. 12 at 1-18.

Thereafter, the undersigned issued the District Court's Second Questionnaire to Plaintiff. ECF No. 15. The undersigned specifically informed Plaintiff that citations to case law are inappropriate answers to the Court's questions and do not establish a factual basis for any claim. *Id.* at 1. The undersigned further notified Plaintiff that because she alleged jurisdiction based on federal question and not diversity of citizenship, she must sufficiently allege a violation of federal law to establish this Court's jurisdiction. *Id.*; *see* ECF No. 1. In response, Plaintiff filed an untitled document (ECF No. 16) that provided no factual basis for any claim against Defendants. Plaintiff did not provide answers to the District Court's Second Questionnaire to Plaintiff. Therefore, the undersigned issued the District Court's Third Questionnaire to Plaintiff. ECF No. 17. The undersigned again specifically informed Plaintiff that citations to case law are inappropriate answers to the Court's questions and do not establish a factual basis for any claim, and that to establish the Court's jurisdiction, she must sufficiently allege a violation of federal law. *Id.* at 1.

Plaintiff filed her Answers to the Court's Third Questionnaire on August 2, 2017. ECF No. 19. In response to the Court's questions asking for all facts that Plaintiff relied on to establish that each named Defendant engaged in unlawful acts in violation of federal law, Plaintiff stated

2

"'disability accom[mo]dations' please include previous questionnaires[.]" *Id.* at 1-2. In response to the Court's questions asking Plaintiff to state all claims she sought to pursue against each named Defendant, Plaintiff responded "lawsuit previous questionnaires submitted *with any/all notification of deposits by US Postal Mail[.]" *Id.* at 3. Plaintiff also attached various documents already submitted.

## II. LEGAL STANDARDS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Here, the Court must examine the basis of its own jurisdiction because Plaintiff has not sought to establish diversity of citizenship jurisdiction and has stated in her complaint only "federal law violations," without more. *See Free v. Abbott Labs.*, Inc., 164 F.3d 270, 272 (5th Cir. 1999) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)); *see also* ECF No. 1.

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether a claim arises under federal law, courts apply the well-pleaded complaint rule. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983). "Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). To establish a court's federal question jurisdiction, "a plaintiff must specifically allege on the face of the complaint a cause of action created by a federal law." *Jones v. Gonzales*, No. MO-12-CV-00005, 2013 WL 12130358, at *3 (W.D. Tex. Feb. 28, 2013), *report and recommendation adopted,* No. MO-12-CV-005, 2013 WL 12131200 (W.D. Tex. Mar. 20, 2013). A federal question is presented on the face of a complaint when the complaint "establishes either

that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). "[T]he plaintiff has the burden of pleading the existence of the court's jurisdiction." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (citations omitted).

Where a party proceeds *pro se*, courts are to liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "When a *pro se* plaintiff files suit in federal court and does not make a short statement of the grounds for jurisdiction pursuant to Federal Rule of Civil Procedure 8(a)(1), the Court looks to the facts alleged to determine whether subject matter jurisdiction is appropriate." *Jones*, 2013 WL 12130358, at *3 (citing *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002); *Margin v. Sea-Land Serv., Inc.*, 812 F.2d 973, 976 (5th Cir. 1987)). "Simply put, in order for Plaintiff's *pro se* suit to survive in the District Court under federal-question jurisdiction, allegations asserting a federal cause of action must appear on the pages of Plaintiff's complaint." *Id.* at *4 (citations omitted).

### III. ANALYSIS

After review of all of Plaintiff's filings in this Court, the undersigned finds that no allegations asserting any federal cause of action appear on Plaintiff's complaint, answers to the Court's questionnaires, or various submitted documents and correspondence. As recounted above, Plaintiff's Complaint is wholly devoid of any facts or allegations asserting a federal cause of action. ECF No. 1. Plaintiff stated "federal law violations: disability discrimination, HIPAA, unauthorized entries, non-compliance of federal laws, slander, pain and suffer, cost of

transportation to federal court and emotional distress." *Id*. Plaintiff listed various numbers and dates corresponding to inquiries she had filed with various government agencies, the Wichita Falls Police Department, and the Forest Glen Apartments, in addition to the words "no access to business center, fitness center, swimming pool." *Id.* Plaintiff's untitled collection of documents, mainly comprised of inquiries and complaints filed with various agencies referenced in her Complaint as well as correspondence with a law firm, are similarly devoid of facts or allegations asserting a federal cause of action. ECF No. 9. Plaintiff's documents contain dates and descriptions of various incidents relating to her apartment including complaints of rain damage to her window, complaints regarding the laundry room and swimming pool, missing medication or items from her apartment, "taken advantage of fair housing," "falsely accused of non[-]payment of rent for January 2017," and random notes Plaintiff has written regarding various calls she has made and action she has taken regarding her apartment. *Id.*; *see* ECF Nos. 10, 11.

Plaintiff's Answers to the Court's Questionnaire contain citations to various cases. ECF No. 12. In response to being asked to state all facts in support of her complaint that Highland Oak Apartments engaged in unlawful acts in violation of federal law, Plaintiff stated:

> 1. The Fair Housing Act is codified at 42 USC §§ 3601-3619. Violation letter inquiries # 515798 and #532062. Contacted Attorney General[.]
> 2. Created an illusion to try to accommodate by replacing steps. (I have had a major life surgery.[)]
> 3. Meet the definition of Disability under Social Security and Department of Veterans Affairs.
> 4. Defamation of character; verbal slander/accused of late rent[.]
> 5. I.R.S. Fraud letter placed in USPS on Forest Glen Property[.]
> 6. City of Wichita Falls, Texas police reports 17-010992, 17-060479, 16-12141, 111049[.]

*Id.* at 1. The same material was listed in Plaintiff's answer to the Court's question asking Plaintiff to state all facts in support of her complaint that Forest Glen Apartments engaged in unlawful acts

5

in violation of federal law. *Id.* at 2. The Court asked Plaintiff to state all claims she sought to pursue against Highland Oak Apartments and Forest Glen Apartments, to which Plaintiff stated only: "lawsuit." *Id.* at 3. Plaintiff's Answers did not allege any federal cause of action.

The Court afforded Plaintiff a second opportunity to provide answers to the Court's questionnaire, in which the Court informed Plaintiff that she must state all claims she intends to bring against Defendants and all facts in support, admonished Plaintiff that citations to case law are inappropriate answers to the Court's questions and do not establish a factual basis for any claim, and notified Plaintiff that she must sufficiently allege a violation of federal law to establish this Court's jurisdiction. ECF No. 15. Plaintiff did not file any answers to the Court's Second Questionnaire. Instead, Plaintiff filed an untitled document stating "[t]his matter is before the court motion of Plaintiff Pam Joi Brooks-Snowden to her complaint to join additional: Attorney General of Texas, AOL.com, City of Wichita Falls Police Department, Department of Housing and Urban Development, Department of Justice, Department of Veterans Affairs, Disability Rights, Federal Trade Commission, and MoneyGram Services." ECF No. 16. Under a section entitled "facts," Plaintiff again listed inquiries and complaints with various agencies, the Wichita Falls Police Department, and her apartment complex. *Id.* at 2-9. She listed her "pursuit" as "lawsuit" and her "claims of relief" as "relocation cost; moving company to my desirable location. $15,000 a month for 10 years." *Id.* at 10. Plaintiff's untitled document and attachments did not allege any federal cause of action.

The Court afforded Plaintiff a third opportunity to provide answers to the Court's questionnaire, in which the Court again informed Plaintiff that she must state all claims she intends to bring against Defendants and all facts in support, admonished Plaintiff that citations to case law are inappropriate answers to the Court's questions and do not establish a factual basis for any

claim, and notified Plaintiff that she must sufficiently allege a violation of federal law to establish this Court's jurisdiction. ECF No. 17. In response to the Court's questions asking for all facts that Plaintiff relied on to establish that each named Defendant engaged in unlawful acts in violation of federal law, Plaintiff stated "'disability accom[mo]dations' please include previous questionnaires[.]" *Id.* at 1-2. In response to the Court's questions asking Plaintiff to state all claims she sought to pursue against each named Defendant, Plaintiff responded "lawsuit previous questionnaires submitted *with any/all notification of deposits by US Postal Mail[.]" *Id.* at 3. Plaintiff also attached various documents already submitted. Again, Plaintiff provided no facts or allegations in support of any federal cause of action, despite the Court's repeated admonitions.

"Although allegations made in a complaint by a *pro se* plaintiff are liberally construed, the facts alleged by Plaintiff, even viewed in the most liberal fashion, simply do not state or describe a cause of action in which federal-question jurisdiction is appropriate." *Jones*, 2013 WL 12130358, at *5. Courts are not required to "conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations and quotations omitted). Plaintiff has failed to establish this Court's jurisdiction.

## IV.     CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Judge O'Connor DISMISS without prejudice Plaintiff's Complaint (ECF No. 1) and all of Plaintiff's claims for lack of subject-matter jurisdiction.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed August 3, 2017.

/s/ Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE